IMG-229                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3191

_____

HILLONG ROHANA ELIZABETH;
KARLO LEONARD VICTORIA
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
Immigration Judge: Honorable R. K. Malloy
(Agency Nos. A095-467-033 and A095-467-034)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2010

Before: FUENTES, VANASKIE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 10, 2010)

_____

OPINION

_____

PER CURIAM.

Hillong Rohana Elizabeth and her husband, Karlo Leonard Victoria, are natives

and citizens of Indonesia who entered the United States in 2002 on non-immigrant visas.

In proceedings before an Immigration Judge ("IJ"), they conceded removability for overstaying the visas, and Elizabeth sought asylum, withholding of removal, and Convention Against Torture ("CAT") relief.[1] Elizabeth claims that she was persecuted, and fears future persecution, in Indonesia as a Christian.[2] She testified to feeling anxiety as a result of church bombings that took place while she was living in Jakarta. She also testified regarding her active church involvement in Indonesia and the United States, recounted incidents of attacks on churches near her home and a local official's attempt to close her church, and submitted evidence regarding the conditions faced by Christians in Indonesia. Elizabeth acknowledged that her parents and several siblings continue to live in Indonesia, and that they have attended Christian churches there without incident.

In 2004, the IJ, citing evidence of inter-religious conflict in Indonesia, granted asylum based on a finding that Elizabeth and her husband "stand a greater than 1 in 10 chance of being persecuted on account of their religion should they return to Indonesia." The Department of Homeland Security appealed, and the Board of Immigration Appeals ("BIA") reversed. Among other things, the BIA noted that the State Department evidence of country conditions reflects that relations between Muslims and Christians are improving in Indonesia, there is no evidence that Elizabeth or her husband suffered any cognizable past harm, and there is no evidence that they would be singled out or face an

---

[1] Victoria's applications for relief are derivative of his wife's.

[2] Elizabeth described her ethnicity as "Bangka" or native Indonesian, and she has not claimed persecution based on ethnicity.

individualized risk of harm in the future. The BIA thus found no showing of a well-founded fear of persecution to support the asylum claim. It remanded for the IJ to consider the withholding of removal and CAT claims.

Elizabeth elected not to submit any additional evidence on remand, and the IJ denied relief. The BIA affirmed. It again observed that Elizabeth failed to meet her burden of proof on asylum, and it found that she could not meet the higher burden for withholding of removal. The BIA also found that Elizabeth had not shown that it was more likely than not that she would be tortured in Indonesia. Elizabeth and her husband timely filed a petition for review in this Court.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). "We review the BIA's legal determinations de novo, subject to established principles of deference, but defer to the BIA's factual findings unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Wang v. Ashcroft, 368 F.3d 347, 349 (3d Cir. 2004) (citation omitted, quoting 8 U.S.C. § 1252(b)(4)(B)).

To qualify for asylum, Elizabeth must demonstrate that she is a "refugee," which requires a showing that she is unable or unwilling to return to Indonesia because she has suffered past persecution or has a well-founded fear of future persecution on account of, inter alia, her religion. See 8 U.S.C. § 1101(a)(42)(A); Leia v. Ashcroft, 393 F.3d 427, 432-33 (3d Cir. 2005).

We accept, as the IJ did, that Elizabeth is sincere in her beliefs, and that she was an

3

active Christian in Indonesia and has remained so in the United States. Nevertheless, her past experiences fall short of establishing persecution, which we have explained "is an extreme concept that does not include every sort of treatment our society regards as offensive." Fatin v. INS, 12 F.3d 1233, 1243 (3d Cir. 1993). Elizabeth's anxiety over church bombings, even those that she experienced in Jakarta, is insufficient. See, e.g., Singh v. INS, 134 F.3d 962, 967 (9th Cir. 1998) (general violence does not rise to the level of persecution). While Elizabeth also points to her affidavit, in which she claims to have been attacked by Muslim men on two occasions,[3] random criminal acts do not amount to persecution. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005). The rest of her affidavit describes only general economic, political, and social turmoil. This, too, is insufficient. See Sukwanputra v. Gonzales, 434 F.3d 627, 637 (3d Cir. 2006).

Elizabeth's brief on appeal focuses mainly upon documentary evidence of discrimination and violence against Christians in Indonesia, seeking to establish that her fear of future persecution is well-founded. However, this Court previously has found no error in the BIA's reliance on State Department reports reflecting improved country conditions in Indonesia, see Wong v. Att'y Gen., 539 F.3d 225, 235 (3d Cir. 2008), and we perceive no error in that reliance here. In short, substantial evidence supports the determination that Elizabeth failed to show a well-founded fear of future persecution, and

---

[3] Elizabeth made no mention of these attacks in her testimony before the IJ.

4

thus we cannot disturb the BIA's decision to deny asylum.[4]

Because "[t]he threshold for establishing eligibility for withholding of removal is higher than that for establishing entitlement to asylum," Obale v. Att'y Gen., 453 F.3d 151, 161 (3d Cir. 2006), the BIA properly rejected Elizabeth's withholding of removal claim, which turned on the same evidence that supported her asylum claim. Finally, we agree with the BIA that Elizabeth failed to demonstrate that she more likely than not would be tortured in Indonesia, making her ineligible for CAT protection. See Silva-Rengifo v. Att'y Gen., 473 F.3d 58, 64 (3d Cir. 2007).

For the foregoing reasons, we will deny the petition for review.

---

[4] Elizabeth argues that the BIA "applied an incorrect standard" when it reviewed the IJ's asylum determination, in particular the finding that she has a well-founded fear of future persecution. This Court has yet to address the proper standard of review to be applied by the BIA to an IJ's determination of a well-founded fear of future persecution in the asylum context. See Kaplun v. Att'y Gen., 602 F.3d 260, 269 n.7 (3d Cir. 2010) ("[W]e do not purport to resolve that issue at this time."). In the present case, the record is unclear as to whether the BIA applied a de novo or clear error standard in its review of the IJ's determination, and thus we cannot agree with Elizabeth that the BIA necessarily "applied an incorrect standard." Nevertheless, assuming arguendo that the BIA owed deference to the IJ's finding and had to apply a clear error standard of review, we are satisfied that the BIA's stated reasoning fully supports a finding of clear error, as Elizabeth made no showing at all that she would be individually singled out for persecution, or that there is a pattern or practice of persecuting Christians in Indonesia. See Lie, 396 F.3d at 536 (discussing showing required to establish well-founded fear of persecution); Wong, 539 F.3d at 233 (rejecting contention that "the [2003 and 2004] State Department reports and other background materials document a pattern or practice of persecution of Chinese Christians in Indonesia"). Accordingly, we discern no reversible error in the BIA's analysis.